UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| CONTINENTAL WOODCRAFT, INC., | ) ) ) | |
| *Plaintiff,* | ) ) ) | |
| v. | ) ) | CIVIL ACTION |
| SILVA'S EXPRESS, INC., | ) ) | NO.  04-40209-FDS |
| *Defendant.* | ) ) | |

## ANSWER TO AMENDED COMPLAINT

The Defendant, Silva's Express, Inc. ("Silva's"), for its answer to the Amended Complaint of the Plaintiff, Continental Woodcraft, Inc. ("Continental"), states as follows in response to each corresponding paragraph therein:

1. Admitted.

2. Defendant Silva's is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 1 of the Amended Complaint, and therefore neither admits nor denies said allegations but calls upon Plaintiff Continental to prove the same.

3. Admitted.

4. Admitted.

5. Defendant Silva's is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 5 of the Amended Complaint, and therefore neither admits nor denies said allegations but calls upon Plaintiff Continental to prove the same.

6. Defendant Silva's is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 6 of the Amended Complaint, and therefore neither admits nor denies said allegations but calls upon Plaintiff Continental to prove the same.

7. Denied; except Defendant Silva's admits that on or about February 13, 2004, it received a shipment of goods from Plaintiff Continental at Worcester, Massachusetts for transportation and delivery to the consignee, Hecht's, at Charlotte, North Carolina pursuant to the terms and conditions of a uniform straight bill of lading.

8. Denied.

9. Defendant Silva's is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 9 of the Amended Complaint, and therefore neither admits nor denies said allegations but calls upon Plaintiff Continental to prove the same.

10. Defendant Silva's is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 10 of the Amended Complaint, and therefore neither admits nor denies said allegations but calls upon Plaintiff Continental to prove the same.

11. Defendant Silva's is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 11 of the Amended Complaint, and therefore neither admits nor denies said allegations but calls upon Plaintiff Continental to prove the same.

12. Admitted.

13. Denied.

**FIRST AFFIRMATIVE DEFENSE**

Whatever shipment Defendant Silva's received from Plaintiff Continental for transportation was accepted in accordance with and subject to all the terms and conditions of the Uniform Straight Bill of Lading and Silva's' effective rates, rules, classifications and tariffs, and the rules and

regulations of the Federal Motor Carrier Safety Administration, which together form the contract of carriage between the parties for the transportation of said shipment and define the responsibilities of Silva's in this matter. Defendant Silva's duly performed all of the terms and conditions thereunder which it was required to perform.

## SECOND AFFIRMATIVE DEFENSE

Silva's liability to the plaintiff, if any, is limited to the declared or released rate valuation in accordance with the Bill of Lading and Silva's rates, rules, classifications and tariffs governing the subject shipment.

## THIRD AFFIRMATIVE DEFENSE

Under the Bill of Lading contract, Silva's is not liable for any loss or damage caused by or resulting from an act, omission or order of the shipper, or from a defect or inherent vice of the articles shipped, improper labeling or improper packing, packaging or loading of the shipment by the shipper.

## FOURTH AFFIRMATIVE DEFENSE

Defendant Silva's was free of any negligence in its handling of Plaintiff Continental's shipment.

## FIFTH AFFIRMATIVE DEFENSE

In the event that Plaintiff Continental did not have or does not have any title or interest in the shipment that is the subject of the Amended Complaint, then the plaintiff is not the real party in interest herein and is not entitled to any recovery.

**SIXTH AFFIRMATIVE DEFENSE**

If the shipment referred to in the Amended Complaint suffered any loss, damage or delay, such loss, damage or delay was caused by the acts or omissions of a third party or parties over whom Silva's had no control, and Silva's therefore is not liable.

**SEVENTH AFFIRMATIVE DEFENSE**

The Bill of Lading contract and Silva's' rates, rules, classifications and tariffs do not contemplate carrier responsibility for special damages such as loss of use, loss of revenue, lost profits, additional contractor costs and the like. To the extent any of the damages sought by the plaintiff in its Amended Complaint constitute special damages, Silva's is not liable.

WHEREFORE, Defendant Silva's Express, Inc. demands judgment dismissing with prejudice the Amended Complaint of the Plaintiff and awarding the Defendant costs and disbursements in this action.

SILVA'S EXPRESS, INC.
By its attorney,

November 15, 2004

"/s/ Wesley S. Chused"
Wesley S. Chused, BBO #083520
LOONEY & GROSSMAN LLP
101 Arch Street
Boston, MA  02110
(617) 951-2800

## **CERTIFICATE OF SERVICE**

I hereby certify that on November 15, 2004, I served a copy of the foregoing pleading upon all parties hereto electronically, via facsimile or by mailing copies thereof, via first-class mail, postage prepaid, properly addressed to:

>Thomas C. O'Keefe III, Esq.
>180 West Central Street
>Natick, MA 01760

>"/s/ Wesley S. Chused"
>Wesley S. Chused